TOWN OF STRAWBERRY HILL v. CHICAGO, M. & ST. P. RY. CO. et al.

(*Circuit Court, N. D. Iowa, E. D.* March 6, 1890.)

JUDGMENT—EQUITABLE RELIEF—PLEADING.

A bill in equity showing that a railroad liable over for damages recovered against a town had settled with the injured person, and that the judgment had been assigned to a third person, and asking to have it canceled if found to have been assigned for the benefit of the company, otherwise for judgment for damages against the railroad, is not demurrable on the ground that the relief asked will in one event be purely legal, as the relief granted can only be determined on final hearing.

In Equity. On demurrer to part of bill.

*Remley & Ercanbrack* and *Henderson, Hurd, Daniels & Kiesel,* for complainant.

*A. L. Bartholomew* and *Wm. J. Knight,* for defendants.

SHIRAS, J. The bill in this cause shows that one Margaret Fowler received injuries from being thrown over a bridge within the corporate limits of the town of Strawberry Hill; that she and her husband brought actions against the town to recover damages on the ground that the bridge was unsafe; that Mrs. Fowler recovered a judgment against the town for $1,842 and costs; that thereupon Mrs. Fowler and her husband brought suit against the Chicago, Milwaukee & St. Paul Railway Company for the same injuries on the ground that the bridge in question was built by

the railway company over its track, and the company was under obligation to construct it safely, and keep it in good repair; that the suits against the railway company were settled and dismissed, and the judgment in favor of Mrs. Fowler against the town of Strawberry Hill was assigned to one John Johnston; that in fact the railway company made a full settlement with Mrs. Fowler and her husband for the damages sustained; that, as between the town and the railway company, the latter was bound to erect the bridge, and keep it in safe condition; that, for the damages collectible from the town for the injuries caused to Mrs. Fowler, the town would have the right to look to the railway company for reimbursement; that the settlement of the damages by the railway company in fact inures to the benefit of the town, and that the judgment in favor of Mrs. Fowler should be canceled and discharged upon the record; that the railway procured the assignment of the judgment to one John Johnston, who is a man of straw, or in fact holds the judgment in the interest of, and for the benefit of, the railway company. Wherefore complainant prays that the judgment against the town be canceled; and, further, that, in case it be found that John Johnston is in fact the owner of the judgment in question, a judgment be entered in favor of the town against the railway company for the damages caused to the town. The demurrer seeks to present the question that the town cannot claim damages against the railway unless it be shown that the town has in fact paid the judgment against it; and, further, that, if the town has a claim for damages, its remedy at law is complete, and a court of equity is without jurisdiction.

The bill does not contain two causes of action, nor does it set forth the same cause in two forms,—the one looking to equitable, the other to legal, relief. The court could not, upon the demurrer, hold any part of the allegations insufficient, nor relieve the defendant from answering all the allegations of fact in the bill contained. The sole question, therefore, attempted to be presented by the demurrer, is as to the particular relief the court will grant, provided the facts are found in a particular way. That is a question to be determined on the final hearing, and not upon a demurrer. It is admitted that the bill presents a case of equitable cognizance. When the issues of fact are determined, then the question of the relief, if any, and the nature thereof, to be granted, will be properly before the court. If the court should now decide, on the demurrer, that the particular relief asked was purely legal, the case would remain to be heard upon the allegations of fact in the bill contained; and on the final hearing, under the special and general prayers for equitable relief, the court would be required to determine the nature of the relief to be granted. The real question, therefore, which it is sought to present by the demurrer, is one that can be properly decided only at the final hearing. The demurrer, therefore, is overruled.